# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARLENE BENNETT,** | * |
| Plaintiff, | * |
| v. | *   Civ. No. DLB-22-2972 |
| **GINA RAIMONDO,** | * |
| **SECRETARY, UNITED STATES** | |
| **DEPARTMENT OF COMMERCE** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Pending before the Court is Darlene Bennett's "Motion Request for a New Hearing," ECF 42, which the Court construes as a Rule 59(e) motion for reconsideration of the Court's March 31, 2024 Order, ECF 41. In that Order, for the reasons stated in the accompanying Memorandum Opinion, ECF 40, the Court affirmed the Merit Systems Protection Board's ("MSPB") decision to uphold Bennett's removal from her position with the Department of Commerce and granted summary judgment in favor of the defendant on Bennett's Title VII retaliation claim. The defendant has filed an opposition to the motion for reconsideration, ECF 43, and Bennett filed a reply, ECF 44. A hearing is not necessary. *See* Loc. R. 105.6. The motion is denied.[1]

---

[1] After Bennett filed the motion for reconsideration, she filed a notice of appeal with the U.S. Court of Appeals for the Fourth Circuit. ECF 46. It is a "well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999). The Court cannot grant a motion for reconsideration while an appeal is pending because the result would be the simultaneous exercise of jurisdiction by this Court and the Fourth Circuit and a change in the case status during the pendency of the appeal. *See id.* at 890–91. However, in the interest of judicial efficiency, a district court may deny a motion for reconsideration while an appeal is pending. *Id.* at 890. This enables the appellant to appeal the denial of the motion for reconsideration and the Fourth Circuit to consolidate the appeals. *Id.* Because the Court denies Bennett's motion, the Court will resolve it notwithstanding her notice of appeal.

**I.	Standard of Review**

When, as here, a party files a motion for reconsideration of an order within 28 days of the order, the Court considers the motion under Rule 59(e) of the Federal Rules of Civil Procedure. *See Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A clear error of law means the decision was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403. "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

**II.	Discussion**

The Court's March 31, 2024 Order (i) affirmed the MSPB decision upholding Bennett's removal from federal service and (ii) granted summary judgment to the defendant on Bennett's Title VII retaliation claim. Bennett objects to both rulings.[2]

---

[2] The Court assumes the reader's familiarity with the March 31, 2024 Memorandum Opinion, ECF 40, that accompanied the Order. On the MSPB decision, the Court found that substantial evidence supported the decision and no procedural errors warranted reversal. ECF 40, at 19–26. On Bennett's Title VII retaliation claim, the Court found Bennett carried her burden of establishing a prima facie case of retaliation: she engaged in protected activity, she suffered a materially adverse action (removal), and there was a causal nexus between the protected activity and the removal. *Id.* at 28–29. Bennett's retaliation claim failed at the pretext stage. She did not bear her burden of producing evidence that the actual reason for her removal—failure to follow her supervisor's instructions—was pretext for retaliation. *Id.* at 29–32.

### A. Affirmance of the MSPB Decision

Bennett continues to disagree with the administrative law judge's initial opinion and the MSPB's final decision affirming her removal from federal service. Now, she also disagrees with this Court's summary of the administrative rulings, s*ee* ECF 42, at 2–4, and with this Court's affirmance of the MSPB's decision. Bennett's disagreements may be grounds for appeal, but they are not grounds for reconsideration. Reconsideration may have been warranted if Bennett had shown that the Court clearly erred as a matter of law when it found substantial evidence supported the MSPB's decision and no procedural errors warranted reversal. Bennett has made no such showing. Nor does she identify an intervening change in controlling law, previously unavailable evidence, or the need to prevent a manifest injustice. Reconsideration of the affirmance of the MSPB's decision is unwarranted.

### B. Grant of Summary Judgment

Bennett disagrees with the Court's grant of summary judgment on her Title VII retaliation claim, but she does not identify any grounds that warrant reconsideration of the decision.

Bennett argues the Court erroneously concluded she did not file a Rule 56(d) affidavit and that she did, in fact, file such an affidavit. ECF 42, at 1; ECF 44, at 10–11. If Bennett were correct, such an error might be grounds for reconsideration. But she is not. Bennett is correct that the Court found she did not submit a Rule 56(d) affidavit. ECF 40, at 16 ("Bennett has not submitted a Rule 56(d) affidavit stating she cannot present facts essential to justify opposition to the motion.") (citing Fed. R. Civ. P. 56(d)). But she is incorrect that she filed one. The affidavit she filed was a Rule 56(c)(4) affidavit, not a Rule 56(d) affidavit. Under Rule 56(d), a nonmovant such as Bennett may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). Bennett's affidavit does nothing of the sort.

3

On the contrary, her affidavit begins with a representation that it complies with the requirements of Rule 56(c)(4): "I have personal knowledge of the facts which bear on this motion set forth below and in more detail, in the Plaintiff Opposition Response that has been filed with this affidavit." ECF 22-2, at 1; *see* Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to . . . oppose a motion must be made on personal knowledge, set out the facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated."). The nine-page affidavit, which the Court considered, then lays out the factual and legal grounds for her opposition to the motion. *See* ECF 22-2. These grounds mirror the information Bennett provided in her 40-page opposition. At times, Bennett's affidavit even cross-references her opposition, which she says "provides more details." *Id*. at 2. Bennett never states in her affidavit that she cannot present facts necessary to oppose to the motion for summary judgment. So, the Court did not err when it concluded Bennett did not submit a Rule 56(d) affidavit.

Bennett next argues the Court did not consider all the evidence she submitted. *See, e.g.*, ECF 42, at 2–3; ECF 44, at 9, 10. The Court did. *See* ECF 40, at 16–17. After describing Bennett's evidence by type, date, and docket number, *id.*, the Court stated it had "reviewed and considered all the evidence Bennett and the agency have presented." *Id.* Bennett may disagree with the Court's view of her evidence, but her disagreement is not grounds for reconsideration.

Bennett claims the Court did not consider emails and a declaration from management analyst Faranak Fouladi, which Bennett says she offered as evidence that she needed more information before she could complete the task that her supervisor, Jafnar Gueye, asked her to do. ECF 44, at 9, 11. This claim fails for two reasons. First, the Court did consider the Fouladi evidence that was submitted. *See* ECF 40, at 21, 31. The Court stated: "In her opposition brief, Bennett inserts screenshots of excerpts from undated emails that appear to be from Faranak Fouladi, the

4

management analyst from the Client Services Branch at OSF, concerning the contract funding modification process." *Id*. at 31 (citing ECF 22, at 10–11). The Court also considered the screenshot of four paragraphs from an apparent three-page document titled "Declaration of Faranak Fouladi (6)" that Bennett embedded in her opposition. ECF 22, at 13; *see* ECF 40, at 19 ("[T]he Court has carefully reviewed her 40-page opposition to the motion for summary judgment"). Bennett did not attach a copy of a complete, signed Fouladi declaration. And, the excerpt that Bennett did submit does not help her cause. It concerns how to share, release, and submit a PR, and it corroborates other record evidence that Bennett could have released the PR to Gueye at any time but chose not to do so. So, the Court did consider all the Fouladi evidence that Bennett submitted. None of it raises a genuine dispute of material fact about whether the agency's stated reasons for removing Bennett from federal service were pretext for discrimination.

Second, and more importantly, the Court found that even if Bennett were correct that she did not have all the information from Gueye that she needed to finish the task, the undisputed record evidence established that Gueye offered to complete the task himself and asked Bennett to release the PR to him, but she inexplicably refused to do so and logged off for the day. ECF 40, at 29. Her refusal to comply with her supervisor's instructions was the reason for her removal. To this day, Bennett still has not offered any evidence to counter the overwhelming evidence of the agency's legitimate nonretaliatory reason for removing her.

Bennett has not identified any grounds to reconsider the grant of summary judgment on her Title VII retaliation claim.[3]

At its core, Bennett's motion is an attempt to relitigate arguments the Court carefully considered and rejected. That is not a proper basis for reconsideration. *JTH Tax, Inc.*, 984 F.3d at 290; *Hutchinson*, 994 F.2d at 1082. Bennett has not identified any intervening change in controlling law, previously unavailable evidence, or the need to correct a clear error of law or prevent a manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403. Bennett's motion for reconsideration is denied. A separate order follows.

Date: June 3, 2024

Deborah L. Boardman
United States District Judge

---

[3] A few final points are worth addressing. In her motion, Bennett misremembers what occurred during a July 6, 2023, on-the-record conference call. *See* ECF 42, at 3 (suggesting the Court did not offer Bennett the opportunity to file an amended complaint and that she was "mislead by Commerce and MSPB"). A transcript of the call can be found at ECF 49. In addition, Bennett suggests that the MSPB should not have decided her appeal of the decision to remove her from federal service because she raised a retaliation claim and the MSPB did not have jurisdiction over that claim. On Bennett's account, "the MSPB should not have ever accepted nor provided a ruling on this case as this case is a mixed case if the AJ was not going to review the EEO components of the case." ECF 44, at 2. Bennett did not raise this argument previously, and even if she had, it is incorrect. The MSPB had jurisdiction over her appeal of the decision to remove her, and the administrative judge did not commit reversible error when the judge evaluated Bennett's retaliation defense. ECF 40, at 23–24. On appeal of that decision to the Federal Circuit, Bennett asserted for the first time a separate stand-alone retaliation claim under Title VII. The Federal Circuit, then, deemed this a "mixed-case" and transferred it to this Court. ECF 2, at 160–61. The MSPB had jurisdiction over her appeal, and the Federal Circuit properly transferred this "mixed-case" to this Court.